UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY L. HACKER, | No. 2:15-cv-00621-TLN-AC |
| Plaintiff, | |
| v. | ORDER |
| MICHAEL R. HACKER, | |
| Defendant. | |

This matter is before the undersigned pursuant to Local Rule 302(c)(21). Defendant filed a motion to dismiss plaintiff's complaint on June 11, 2015, with a hearing scheduled for July 22, 2015. ECF Nos. 4, 5. Plaintiff failed to file an opposition and on July 20, 2015, the court issued an order to show cause why this matter should not be dismissed for failure to prosecute. ECF No. 6. On the same day, more than 21 days after defendant filed his June 11, 2015, motion to dismiss, plaintiff filed a first amended complaint. ECF No. 7. Pursuant to Federal Rule of Civil Procedure 15(a), plaintiff was required to obtain either defendant's consent or leave of the court to file an amended complaint. Because plaintiff did neither, his first amended complaint was without legal effect and the court struck it on July 23, 2015. ECF No. 8.

On August 5, 2015, plaintiff filed a response to the court's order to show cause, explaining that he had neglected to file an opposition because he "believed it would be better to file and serve an amended complaint adding a cause of action for wire fraud." ECF No. 9.

1  Plaintiff cannot simply elect to file an amended complaint instead of an opposition without the
2  court's permission because that is what makes sense to him.  Nevertheless, in light of plaintiff's
3  pro se status, the court will discharge its order to show cause.
4      The court also construes plaintiff's response as a motion for leave to file an amended
5  complaint.[1] Federal Rule 15(a) allows a party to amend his complaint by leave of the court at any
6  time, and that leave "shall be freely given when justice so requires."  The court finds that leave to
7  amend is appropriate in this case, and accordingly will grant plaintiff's motion.  In light of
8  plaintiff's new operative complaint, the court will also deny defendant's motion to dismiss as
9  moot.
10     In accordance with the foregoing, THE COURT HEREBY ORDERS that:
11     1. It's July 20, 2015, order to show cause, ECF No. 6, is DISCHARGED;
12     2. Defendant's June 11, 2015, motion to dismiss, ECF No. 4, is DENIED as moot; and
13     3. Plaintiff's motion for leave to amend, ECF No. 9, is GRANTED.  Plaintiff's operative
14        complaint is now his July 20, 2015, First Amended Complaint, ECF No. 7.
15  DATED: August 7, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] Technically, plaintiff states that he has requested defendant's consent to file an amended complaint, but defendant has yet to reply.  Practically speaking, there is simply no reason to wait for plaintiff to receive defendant's consent when the court is perfectly willing to grant plaintiff leave to amend.